# United States District Court
# Northern District of Indiana

| | | |
|---|---|---|
| STEPHEN M. LEHMAN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 3:15-CV-363 JVB |
| | ) | |
| SUPERINTENDENT, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION AND ORDER

Stephen M. Lehman, a *pro se* prisoner, filed a habeas corpus petition challenging the prison disciplinary hearing (ISP-15-04-0143) held on May 1, 2015, where the Disciplinary Hearing Body (DHB) at the Indiana State Prison found him guilty of possession of a weapon in violation of A-106 and sanctioned him with the loss of 90 days earned credit time as well as 30 days of non-contact visits. In his habeas corpus petition, Lehman raises two arguments. First, Lehman argues that he should not have been found guilty because he only possessed the weapon so that he could dispose of it. (DE 1 at 2.) Second, Lehman complains that the imposed sanction of non-contact visits is contrary to Indiana Department of Corrections ("IDOC") policy.

Lehman's first argument is essentially that there was insufficient evidence. "[T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence." *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks and citations omitted). Even a Conduct Report alone can be sufficient evidence to support a finding of guilt. *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999). Here the Conduct Report states:

> On the above date and time, I, Lt. S. Hough found an approx 7" ice pick type shank. This was concealed in a tooth paste box. The weapon was photographed

and tagged as evidence. This weapon was discovered after Lehman had been
stabbed in an earlier altercation.

(DE 1-1 at 6.)

Lehman acknowledges that the weapon was found concealed in a toothpaste box in his possession. Lehman states that another inmate used that weapon to stab him in an earlier altercation. After the altercation, Lehman picked it up and intended to "dispose of the weapon so it would be out of harms way." (DE 1 at 2.) He claims that he put the weapon in the toothpaste box so that he could discretely throw it away in the Sanitation Department. However, how Lehman came into possession of the weapon is irrelevant. So, too, is what Lehman intended to do with the weapon. Here, the only relevant issue is whether Lehman possessed a weapon. Both the conduct report and Lehman's own admission demonstrate that Lehman possessed a weapon. This is more than sufficient evidence for the DHB to have found him guilty of that charge.

Next, Lehman complains that the hearing officer imposed non-contact visits as a sanction, which is contrary to IDOC policy. However, relief in a federal habeas corpus proceeding is only available for a violation of the United States Constitution or other federal law. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Lehman's claim premised on an alleged violation of a prison policy does not provide a basis for granting federal habeas relief.

For these reasons, the habeas corpus petition is **DENIED** pursuant to Section 2254 Habeas Corpus Rule 4 and this case is **DISMISSED**.

**SO ORDERED** on October 2, 2015.

                                                                           Joseph S. Van Bokkelen
                                                                          Joseph S. Van Bokkelen
                                                                          United States District Judge
                                                                          Hammond Division